UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNTRUST INVESTMENT SERVICES, INC.,

    Plaintiff,

v.                                                                         Case No. 8:08-cv-296-T-23TBM

DENISE SPRINGER,

    Defendant.
_____/

## O R D E R

Suntrust Investment Services, Inc., ("Suntrust") moves (Doc. 2) for a temporary restraining order ("TRO motion") against the defendant, Denise Springer, a former employee of Suntrust. Suntrust supports the motion with a complaint (Doc. 1), a supporting memorandum (Doc. 3), the affidavits of Michael J. Fetzer (Doc. 5) and Kim Drumgool (Doc. 6), and an attorney certification (Doc. 2 at 9) of why notice should not be given pursuant to Rule 65(b), Federal Rules of Civil Procedure. Suntrust alleges that while employed by Suntrust as a financial advisor, the defendant executed a "Nonsolicitation and Confidentiality Agreement." (Doc. 1, Ex. A; Doc. 5 at ¶ 3) The agreement prohibits the defendant's solicitation of Suntrust customers for one year following the defendant's separation from Suntrust. (Doc. 1, Ex. A) Suntrust alleges that the defendant has violated the terms of the agreement by soliciting Suntrust customers on behalf of her new employer, a competitor of Suntrust. (Doc. 1, ¶ 11)

To establish entitlement to the requested relief, Suntrust must show (1) a substantial likelihood of success on the merits, (2) an irreparable injury in the absence of the injunction, (3) a threatened injury that exceeds any injury to the defendant caused by the injunction, and (4) the absence of a material adverse consequence to the public. See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).  Suntrust's submissions show a substantial likelihood of success on its claim that the defendant's use of Suntrust's customer information violates sections 542.335 and 688.003, Florida Statutes.  Suntrust's submissions show that an immediate, irreparable injury and loss will result from the defendant's solicitation of Suntrust customers and use of Suntrust customers' personal financial account information.  If the defendant's conduct continues, Suntrust will suffer an immeasurable loss of business and a breach of the confidentiality of its customers' personal financial information.  Monetary damages cannot adequately compensate Suntrust for this harm, which exceeds any injury to the defendant.  The public will not suffer a material adverse consequence.  Accordingly, the TRO Motion (Doc. 2) is **GRANTED** and it is **ADJUDGED** that:

1. The defendant, her agents, servants, employees, officers, directors, licensees, representatives, and all other persons acting in concert with the defendant are enjoined from:

    a. soliciting any customer of Suntrust, whom the defendant served or whose name became known to the defendant while in the employ of Suntrust, for the purpose of inviting, encouraging, or requesting

    the transfer of any accounts or business patronage from Suntrust, with the exception of the defendant's family and relatives;

  b. using, disclosing, or transmitting for any purpose, including solicitation, information contained in the records of Suntrust or information concerning its customers, including, but not limited to, the names, addresses, and financial information of customers; and

  c. destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in the defendant's possession or control, which were obtained from or contain information derived from any Suntrust records, which pertain to Suntrust customers whom the defendant served or whose names became known to the defendant while employed by Suntrust, or which relate to any of the events alleged in the complaint.

3. As a condition of this injunction, Suntrust shall post a cash or surety bond in the amount of $10,000 in a form acceptable to and approved by the Clerk.

4. Suntrust's counsel is directed to immediately serve the defendant with a copy of this order.

5. This order shall remain in full force and effect for ten (10) days from the posting of the bond or unless otherwise ordered.

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), the plaintiff's motion for a preliminary injunction (Doc. 2) is **REFERRED** to United States Magistrate Judge Thomas B. McCoun III to conduct proceedings, including evidentiary hearings, as the Magistrate Judge deems necessary to make a report and recommendation on the motion.  The report and recommendation shall include proposed findings of fact and conclusions of law.

ORDERED in Tampa, Florida, on February 12, 2008, at 3:40 p.m.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge